IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| HARLEY CARRANZA, § | |
|     Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO. H-15-3631 |
| § | |
| RED RIVER OILFIELD SERVICES, § | |
| LLC, § | |
|     Defendant. § | |

## MEMORANDUM AND ORDER

This Fair Labor Standards Act ("FLSA") case is before the Court on the Motion for Summary Judgment ("Motion") [Doc. # 19] filed by Defendant Red River Oilfield Services, LLC ("Red River"), to which Plaintiff Harley Carranza filed a Response [Doc. # 22], and Red River filed a Reply [Doc. # 25]. The Court has reviewed the full record, including the transcript of Plaintiff's Deposition, Exh. 1 to Plaintiff's Response. Based on that review, and the application of binding and persuasive legal authorities, the Court **grants** Defendant's Motion.

### I.  BACKGROUND

Red River is an Oklahoma company that provides services, including pipe inspection, to the oil and gas industry. Plaintiff worked for Red River as an Electro Magnetic Inspector from June 2013 to November 2015. While he was employed by Red River, Plaintiff was paid a salary plus commission.

Plaintiff filed this lawsuit on December 15, 2015, alleging that he frequently worked more than forty hours per week.[1] Plaintiff alleges that Red River violated the FLSA by failing to pay him overtime wages for the hours he worked in excess of forty per week. Red River answers that Plaintiff is exempt from the FLSA's overtime requirements because, *inter alia*, he falls within the executive exemption and/or the "highly-compensated employee" exception.

After the close of discovery, Red River filed its Motion for Summary Judgment. The Motion has been fully briefed and is now ripe for decision.

## II.    SUMMARY JUDGMENT STANDARD

Rule 56 of the Federal Rules of Civil Procedure mandates the entry of summary judgment against a party who fails to make a sufficient showing of the existence of an element essential to the party's case for which that party will bear the burden at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (*en banc*); *see also Baton Rouge Oil and Chem. Workers Union v. ExxonMobil Corp.*, 289 F.3d 373, 375 (5th Cir. 2002). In deciding a motion for summary judgment, the Court must determine whether the movant has shown "that there is no genuine dispute as to any material fact and the movant is

---

[1]  Plaintiff filed this lawsuit "Individually and on Behalf of All Similarly Situated Persons." *See* Plaintiff's Original Collective Action Complaint [Doc. # 1]. Plaintiff did not request certification of the case as a collective action and, instead, filed a First Amended Complaint [Doc. # 15] on June 17, 2016, as a single plaintiff.

entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *see also Celotex Corp.*, 477 U.S. at 322-23; *Rodgers v. United States*, 843 F.3d 181, 190 (5th Cir. 2016); *Weaver v. CCA Indus., Inc.*, 529 F.3d 335, 339 (5th Cir. 2008).

The movant "bears the initial responsibility of demonstrating the absence of a genuine issue of material fact . . .." *Transamerica Ins. Co. v. Avenell*, 66 F.3d 715, 718 (5th Cir. 1995); *see also Brandon v. Sage Corp.*, 808 F.3d 266, 269-70 (5th Cir. 2015); *Lincoln Gen. Ins. Co. v. Reyna*, 401 F.3d 347, 349 (5th Cir. 2005). If the moving party fails to meet its initial burden, the motion for summary judgment must be denied, regardless of the non-movant's response. *ExxonMobil Corp.*, 289 F.3d at 375.

If the moving party meets its initial burden, the non-movant must go beyond the pleadings and designate specific facts showing that there is a genuine issue of material fact for trial. *Brandon*, 808 F.3d at 270; *Littlefield v. Forney Indep. Sch. Dist.*, 268 F.3d 275, 282 (5th Cir. 2001). "A fact issue is 'material' if its resolution could affect the outcome of the action." *Hemphill v. State Farm Mut. Auto. Ins. Co.*, 805 F.3d 535, 538 (5th Cir. 2015); *DIRECT TV Inc. v. Robson*, 420 F.3d 532, 536 (5th Cir. 2006). Summary judgment "will not lie . . . if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Hyatt v. Thomas*, 843 F.3d 172, 177 (5th Cir. 2016).

In deciding whether a genuine and material fact issue has been created, the facts and inferences to be drawn from them must be reviewed in the light most favorable to the nonmoving party. *See Heinsohn v. Carabin & Shaw, P.C.*, 832 F.3d 224, 234 (5th Cir. 2016). However, factual controversies are resolved in favor of the non-movant "only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Salazar-Limon v. City of Houston,* 826 F.3d 272, 277 (5th Cir. 2016) (quoting *Little*, 37 F.3d at 1075). The non-movant's burden is not met by mere reliance on the allegations or denials in the non-movant's pleadings. *See Diamond Offshore Co. v. A&B Builders, Inc.*, 302 F.3d 531, 545 n.13 (5th Cir. 2002) (noting that unsworn pleadings do not constitute proper summary judgment evidence); *Bistany v. Reliance Standard Life Ins. Co.*, 55 F. Supp. 3d 956, 961 (S.D. Tex. 2014). Likewise, "unsubstantiated or conclusory assertions that a fact issue exists" do not meet this burden. *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998). Instead, the nonmoving party must present specific facts that show "the existence of a 'genuine' issue concerning every essential component of its case." *Id.* In the absence of any proof, the court will not assume that the non-movant could or would prove the necessary facts. *Little*, 37 F.3d at 1075 (citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990)).

## III.  FLSA OVERTIME REQUIREMENTS

The FLSA "requires an employer to pay overtime compensation to any employee working more than forty hours in a workweek." *Olibas v. Barclay*, 838 F.3d 442, 448 (5th Cir. 2016) (quoting *Allen v. Coil Tubing Servs., L.L.C.*, 755 F.3d 279, 282 (5th Cir. 2014) (citing 29 U.S.C. § 207(a)(1))). There are, however, exemptions to the FLSA, which are construed narrowly against the employer, and on which the employer bears the burden of proof. *See id.* (citing *Allen*, 755 F.3d at 282). Red River asserts that Plaintiff is exempt from the FLSA's overtime requirement under the executive exemption and/or the "highly-compensated employee" exemption.

## IV.  EXECUTIVE EXEMPTION

The executive exemption applies to any employee who (1) is paid at least $455 per week, (2) whose "primary duty is management . . . of a customarily recognized department or subdivision," (3) who "customarily and regularly directs the work" of at least two other employees, and (4) who has hiring and firing authority, or whose suggestions about promotion and termination are "given particular weight." *See* 29 C.F.R. § 541.100; *Chambers v. Sodexo, Inc.*, 510 F. App'x 336, 339 (5th Cir. 2013). It is uncontroverted that Plaintiff was paid at least $455 per week.

### A. "Recognized Subdivision" and "Primary Duty"

The second executive exemption requirement is that the employee's "primary duty is management . . . of a customarily recognized department or subdivision." Plaintiff contests that his primary duty was management and argues that the "South Texas crew" was not a recognized department or subdivision of Red River.

***Recognized Department or Subdivision.–*** A "customarily recognized department or subdivision" is one with a "permanent status and function," and not one that is merely a "collection of employees assigned from time to time to a specific job or series of jobs." 29 C.F.R. § 541.103(a). "Continuity of the same subordinate personnel is not essential to the existence of a recognized unit with a continuing function." 29 C.F.R. § 541.103(d). "A recognized department or subdivision may move from place to place and the subordinate personnel may change, as long as the 'unit' has a continuing function." *Allen v. Coil Tubing Servs. LLC*, 846 F. Supp. 2d 678, 708 (S.D. Tex. 2012) (citations omitted); *see also Cobb v. Finest Foods, Inc.*, 755 F.2d 1148, 1150 (5th Cir. 1985) (affirming district court's ruling that the hot foods section of several cafeterias were recognized subdivisions of the cafeterias); *Sutton v. Engineered Sys., Inc.*, 598 F.2d 1134, 1137 (8th Cir. 1979) (affirming district court's ruling that a 480-day, $700,000 construction project was a recognized unit).

Plaintiff argues, without supporting evidence, that the "South Texas crew" was not a "recognized department or subdivision." *See* Response, p. 5. Defendant has presented evidence that "Red River organizes its inspection employees into independent 'crews' [and] considers each of its crews to be a permanent unit of the company." *See* Declaration of Rick Blankenship,[2] Exh. A to Motion, ¶ 3. Plaintiff conceded in his deposition that he and the three (sometimes two) crew members were known at the company as the "South Texas crew." *See* Plaintiff's Depo., at 68, 99. Plaintiff has failed to present evidence that raises a genuine issue of fact regarding the status of the South Texas crew as a recognized subdivision of Red River.

***Primary Duty.*–** An employee's "primary duty" is "the principal, main, major or most important duty that the employee performs." 29 C.F.R. § 541.700(a). To identify an employee's primary duty for purposes of the FLSA, the Court looks to the job responsibilities that are "of principal value to the employer, not the collateral tasks that [he] may also perform, even if they consume more than half [his] time." *Dalheim v. KDFW-TV*, 918 F.2d 1220, 1227 (5th Cir. 1990).

Plaintiff argues that his primary duty was pipe inspection, citing to Defendant's Interrogatory Responses. *See* Plaintiff's Response, p. 7. In the cited Interrogatory response, however, Defendant states under oath that although Plaintiff performed

---

[2] Rick Blankenship is the owner of Red River.

other job duties, his "primary duty was to act as a supervisor of a crew." *See* Defendant's Interrogatory Responses, Plaintiff's Exh. 3 to Response.

Defendant has presented evidence that Plaintiff was hired to manage an inspection crew. *See* Offer Letter dated May 21, 2014, Exh. 2 to Plaintiff's Deposition; Blankenship Declaration, ¶ 4. Specifically, Plaintiff was hired to "run the South Texas crew." *See* Blankenship Declaration, ¶ 4. The offer letter from Red River to Plaintiff indicated that he was offered the position of "Lead Drill Pipe Operator" and identified his job duties as "Inspection supervisor running crews and jobs." *See* Offer Letter.

Plaintiff's pay stub identified him as a management employee, reflecting his "Management PTO," or Paid Time Off. *See* Direct Deposit Voucher, Exh. 16 to Plaintiff's Deposition.

Plaintiff has presented evidence that he performed inspection services, either by computer or by other equipment. Plaintiff has failed, however, to present evidence that his ***primary duty*** was anything other than managing the South Texas crew.

### B.     "Directs Work"

The third requirement for the executive exemption is that the employee "customarily and regularly directs the work" of at least two other employees. Defendant has presented evidence that Plaintiff "customarily and regularly" directed

the work of the South Texas crew. Blankenship stated in his Declaration that Plaintiff "was responsible for running inspection jobs and supervising the members of his crew" and that "almost all of Mr. Carranza's working time necessarily was devoted to job and crew management duties." *See* Blankenship Declaration, ¶ 5. Indeed, Plaintiff admitted in his deposition that he made the day-to-day decisions regarding his crew's work. *See* Plaintiff's Depo., p. 77. There is no dispute that there were at least two, and usually three, members of Plaintiff's South Texas crew. *See id.* at 68.

### C. "Input on Hiring, Compensation, Firing or Transfer"

With reference to the fourth factor for the executive exemption, there is no dispute that Plaintiff provided input regarding the hiring, compensation, firing or transfer of crew members and his recommendations were considered and usually followed by his manager. *See* Blankenship Declaration, ¶¶ 8-9; Plaintiff's Depo. at 26. Indeed, shortly after Red River hired Plaintiff, he requested that he be allowed to hire two individuals. *See* Blankenship Declaration, ¶ 8. Plaintiff's request was granted, Red River hired the two individuals, and Plaintiff later negotiated their pay raise. *See id.* Plaintiff during his deposition could not remember Red River ever denying his requests for someone to be hired for his crew. *See* Plaintiff's Depo. at 25. Similarly, Plaintiff testified that he never requested a pay raise for the members of crew and had the request denied. *See id.* at 26.

Plaintiff's input regarding termination and/or transfer of his crewmembers was also given considerable weight. Plaintiff's brother worked for Plaintiff on his crew and had performance problems. *See* Blankenship Declaration, ¶ 9. Plaintiff warned his brother and threatened to fire him. *See id.* Blankenship authorized the termination if Plaintiff believed it was necessary. *See id.* Ultimately, however, Plaintiff's brother resigned. *See* Plaintiff's Depo. at pp. 82-83. After Plaintiff's brother resigned, his position on Plaintiff's crew was filled by Tarlton Carter Pittard, one of the individuals originally hired at Plaintiff's request. *See* Blankenship Declaration, ¶ 9. When Plaintiff complained about problems with Pittard, his manager asked if he wanted to "get rid of" Pittard. Plaintiff said yes, and Pittard was promptly transferred from Plaintiff's crew to another crew. *See* Plaintiff's Depo. at 25.

### D. Conclusion Regarding Executive Exemption

Defendant has presented evidence that supports each of the four executive exemption factors. Plaintiff has failed to present evidence to the contrary that raises a genuine issue of material fact regarding the applicability of the executive exemption. As a result, Defendant is entitled to summary judgment on Plaintiff's FLSA claim.

## V. "HIGHLY-COMPENSATED EMPLOYEE" EXEMPTION

The "highly-compensated employee" exemption applies to employees (1) who have a "total annual compensation of at least $100,000.00" (which must include at

least $455.00 per week paid on a salary or fee basis), and (2) who regularly and customarily perform at least one of the duties of an executive, administrative, or professional employee. 29 C.F.R. § 541.601(a), (b)(1); *see also In re Novartis Wage and Hour Litig.*, 611 F.3d 141, 146-47 (2d Cir. 2010); *Zannikos v. Oil Inspections (USA), Inc.*, 605 F. App'x 349, 359 (5th Cir. Mar. 27, 2015). "A high level of compensation is a strong indicator of an employee's exempt status, thus eliminating the need for a detailed analysis of the employee's job duties." 29 C.F.R. § 541.601(c). The $100,000 threshold can include commissions and certain bonuses. *See* 29 C.F.R. § 541.601(b)(1). The $100,000 requirement is satisfied for a year in which the employee works less than the full year if he is paid a *pro rata* portion of the $100,000 based on the period of time he worked. *See* 29 U.S.C. § 541.601(b)(3). "An employee may qualify as a highly compensated executive employee, for example, if the employee customarily and regularly directs the work of two or more other employees, even though the employee does not meet all of the other requirements for the executive exemption under § 541.100." 29 C.F.R. § 541.601(c).

### A. Highly-Compensated Exemption Requirements

In this case, it is uncontroverted that Plaintiff satisfied the compensation element of the "highly-compensated employee" exemption. In 2014, from June

through December, Plaintiff earned $74,308.63 – which equates to approximately $127,386 per year. In 2015, from January to November, Plaintiff earned $117,225.83.

Having satisfied the compensation element of the "highly-compensated employee" exemption, Red River must demonstrate also that Plaintiff regularly and customarily performed at least one of the duties of an executive, administrative, or professional employee. As discussed above, Red River has presented evidence that Plaintiff satisfied at least one – indeed, all – of the duties of an executive employee, and Plaintiff has failed to present evidence to the contrary that raises a genuine issue of material fact.

### B. "Blue-Collar" Workers

Plaintiff argues that the "highly-compensated employee" exemption does not apply because he was a "blue collar" worker performing manual work. *See* Plaintiff's Response, p. 13. The employee does not qualify for the "highly-compensated employee" exemption unless his "primary duty" includes performing office or ***non-manual work***. *See* 29 C.F.R. § 541.601(d). The exemption provides specifically that it applies:

> only to employees whose ***primary duty*** includes performing office or ***non-manual work***. Thus, for example, non-management production-line workers and non-management employees in maintenance, construction and similar occupations such as carpenters, electricians, mechanics, plumbers, iron workers, craftsmen, operating engineers, longshoremen, construction workers, laborers and other employees who perform work

> involving repetitive operations with their hands, physical skill and energy are not exempt under this section no matter how highly paid they might be.

29 C.F.R. § 541.601(d) (emphasis added). As discussed above, the uncontroverted evidence in this record demonstrates that Plaintiff's primary duty was managing and supervising the inspection crew, not performing manual labor. Plaintiff has presented evidence that he performed work such as driving the crew to the assigned location, setting up for the pipe inspections, and installing the testing units. *See, e.g.*, Defendant's Interrogatory Responses, Exh. 3 to Plaintiff's Response. "To the extent he performed any manual work similar to [that] of his crew members, it would necessarily have been in connection with and support of his management duties." Blankenship Declaration, ¶ 7. Plaintiff's evidence does not raise a genuine issue of material fact that his **primary duty** was management and not manual labor.

### C.     Conclusion Regarding "Highly-Compensated Employee" Exemption

Defendant has presented evidence supporting the application of the "highly-compensated employee" exemption, and Plaintiff has failed to present evidence that raises a genuine fact dispute on the issue. As a result, Defendant is entitled to summary judgment that the "highly-compensated employee" exemption applies.

## IV.     CONCLUSION AND ORDER

Defendant has satisfied its burden to demonstrate that Plaintiff falls within both the executive exemption and the "highly-compensated employee" exemption to the FLSA, and Plaintiff has failed to present evidence to the contrary that raises a genuine issue of material fact.  Therefore, it is hereby

**ORDERED** that Defendant's Motion for Summary Judgment [Doc. # 20] is **GRANTED**, and Plaintiff's claims are **DISMISSED WITH PREJUDICE**.

The Court will issue a separate Final Judgment.

SIGNED at Houston, Texas, this **25th** day of **January, 2017**.

_____
NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE