Case 4:15-cv-03631   Document 32   Filed in TXSD on 03/31/17   Page 1 of 7

United States District Court
Southern District of Texas
**ENTERED**
March 31, 2017
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| HARLEY CARRANZA, § | | |
|     Plaintiff, § | | |
| § | | |
| v. § | | CIVIL ACTION NO. H-15-3631 |
| § | | |
| RED RIVER OILFIELD SERVICES, § | | |
| LLC, § | | |
|     Defendant. § | | |

## **MEMORANDUM AND ORDER**

This Fair Labor Standards Act ("FLSA") case is before the Court on the Motion for Relief from Judgment and for New Trial ("Motion") [Doc. # 29] filed by Plaintiff Harley Carranza, to which Defendant Red River Oilfield Services, LLC ("Red River") filed a Response [Doc. # 30]. Plaintiff neither filed a reply nor requested additional time to file one. The Court has again reviewed the full record and the applicable legal authorities. Based on that review, the Court **denies** Plaintiff's Motion.

### I.    BACKGROUND

Red River is an Oklahoma company that provides services, including pipe inspection, to the oil and gas industry. Plaintiff worked for Red River as an Electro Magnetic Inspector from June 2013 to November 2015. While he was employed by Red River, Plaintiff was paid a salary plus commission.

Plaintiff filed this lawsuit on December 15, 2015, alleging that he frequently worked more than forty hours per week. Plaintiff alleged that Red River violated the FLSA by failing to pay him overtime wages for the hours he worked in excess of forty per week. Red River moved for summary judgment, arguing that Plaintiff was exempt from the FLSA's overtime requirements because, *inter alia*, he fell within the executive exemption and/or the "highly-compensated employee" exemption. By Memorandum and Order [Doc. # 26] and Final Judgment [Doc. # 27] entered January 27, 2017, the Court granted Red River's Motion for Summary Judgment.

Plaintiff filed his Motion for Relief from Judgment and for New Trial. Plaintiff argues that there are discrepancies between the declaration and the deposition testimony of Rick Blankenship, the owner of Red River. Plaintiff argues that this raises a genuine issue of material fact regarding whether he is a "blue collar" worker to whom the exemptions do not apply. The Motion is now ripe for decision.

## II.     STANDARD FOR RECONSIDERATION

Rule 59(e) permits a litigant to file a motion to alter or amend a judgment. FED. R. CIV. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment."). Reconsideration of a judgment is an "extraordinary remedy that should be used sparingly." *Waites v. Lee County, Miss.*, 498 F. App'x 401, 404 (5th Cir. Nov. 26, 2012) (quoting *Templet v. Hydrochem, Inc.*,

367 F.3d 473, 479 (5th Cir. 2004)). A motion for reconsideration "is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004); *Knight v. Kellogg Brown & Root Inc.*, 2009 WL 1471788, at *6 (5th Cir. 2009) (quoting *Templet*, 367 F.3d at 479). Instead, Rule 59(e) serves the narrow purpose of allowing a party to bring errors or newly discovered evidence to the Court's attention. *See In re Rodriguez*, 695 F.3d 360, 371 (5th Cir. 2012) (citing *In re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002)).

A litigant seeking relief under Rule 59(e) "must clearly establish either a manifest error of law or fact or must present newly discovered evidence." *Balakrishnan v. Bd. of Supervisors of La. State Univ. & Agr. & Mech. Coll.*, 452 F. App'x 495, 499 (5th Cir. 2011) (citing *Ross v. Marshall*, 426 F.3d 745, 763 (5th Cir. 2005) (quotation marks and citation omitted)). A Rule 59(e) motion "cannot be used to argue a case under a new legal theory." *Id.* (citing *Ross*, 426 F.3d at 763). Moreover, "an unexcused failure to present evidence available at the time of summary judgment provides a valid basis for denying a subsequent motion for reconsideration." *Templet*, 367 F.3d at 479 (citing *Russ v. Int'l Paper Co.*, 943 F.2d 589, 593 (5th Cir. 1991)); *see also Tate v. Starks*, 444 F. App'x 720, 729 (5th Cir. June 21, 2011).

## III.  ANALYSIS

The Court granted summary judgment in favor of Defendant on both the executive exemption and the "highly compensated employee" exemption.[1] Plaintiff argues that the Court cited only to Blankenship's Declaration, not to his deposition testimony. Plaintiff argues that material discrepancies between the declaration and the deposition testimony preclude summary judgment. The Court has again carefully reviewed Blankenship's deposition testimony cited in Plaintiff's response to the Motion for Summary Judgment, and does not find material discrepancies that would

---

[1]   The executive exemption applies to any employee who (1) is paid at least $455 per week, (2) whose "primary duty is management . . . of a customarily recognized department or subdivision," (3) who "customarily and regularly directs the work" of at least two other employees, and (4) who has hiring and firing authority, or whose suggestions about promotion and termination are "given particular weight." *See* 29 C.F.R. § 541.100; *Chambers v. Sodexo, Inc.*, 510 F. App'x 336, 339 (5th Cir. 2013). An employee's "primary duty" is "the principal, main, major or most important duty that the employee performs." 29 C.F.R. § 541.700(a). Determination of an employee's primary duty for purposes of the FLSA is based on the job responsibilities that are "of principal value to the employer, not the collateral tasks that [he] may also perform, even if they consume more than half [his] time." *Dalheim v. KDFW-TV*, 918 F.2d 1220, 1227 (5th Cir. 1990).

The "highly-compensated employee" exemption applies to employees (1) who have a "total annual compensation of at least $100,000.00" (which must include at least $455.00 per week paid on a salary or fee basis), and (2) who regularly and customarily perform at least one of the duties of an executive, administrative, or professional employee. 29 C.F.R. § 541.601(a), (b)(1); *see also In re Novartis Wage and Hour Litig.*, 611 F.3d 141, 146-47 (2d Cir. 2010); *Zannikos v. Oil Inspections (USA), Inc.*, 605 F. App'x 349, 359 (5th Cir. Mar. 27, 2015).

preclude summary judgment on the two exemptions on which summary judgment was granted.

In his Response to Defendant's Motion for Summary Judgment, Plaintiff cited to Blankenship's deposition testimony three times.[2] The first citation was to pages 75-76, where Blankenship described the "prove-up" process in which an inspector looks at a section of pipe wall that has been identified as potentially having inadequate thickness. Blankenship testified that only an inspector can perform the "prove-up" process. This testimony does not conflict with any statements in Blankenship's declaration and, moreover, does not raise a genuine issue of material fact regarding either the executive or highly-compensated employee exemptions.

Plaintiff in his Response to Defendant's Motion for Summary Judgment cited also to page 67 of Blankenship's deposition transcript, where Blankenship testified that the inspection process is "like a production assembly line." Blankenship testified also, on that same page, that the inspector has a helper paint the suspect areas on a pipe and that the similarity to a "production assembly line" is that the inspector, such

---

[2] "When evidence exists in the summary judgment record but the nonmovant fails even to refer to it in the response to the motion for summary judgment, that evidence is not properly before the district court." *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003). "Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment." *Id.* (internal citations and quotations omitted); *Williams v. Valenti*, 432 F. App'x 298, 302 (5th Cir. 2011).

as Plaintiff, is "in the office, looking out the window, and the employees are out there performing their services." Nothing in this cited testimony is in conflict with Blankenship's declaration, and nothing in the cited testimony creates a genuine issue of material fact regarding the applicability of the executive or the highly-compensated employee exemptions.

The third citation is to Blankenship's deposition testimony on pages 66, 70 and 74. In that testimony, Blankenship described the color-coded paint that is placed on pipe that needs further inspection. For example, red paint indicates damaged connections, and yellow paint indicates inadequate wall thickness. Most companies use the same color-coding. There is nothing in this testimony that creates a discrepancy with Blankenship's declaration, and nothing that raises a genuine issue of material fact regarding the exemptions relied on by the Court in issuing summary judgment in Red River's favor.

Plaintiff again argues, as he did in response to the Motion for Summary Judgment, that the "highly-compensated employee" exemption does not apply because he was a "blue collar" worker performing manual work. An employee does not qualify for the "highly-compensated employee" exemption unless his "primary duty" includes performing office or **non-manual work**. *See* 29 C.F.R. § 541.601(d). The exemption provides specifically that it applies:

> only to employees whose ***primary duty*** includes performing office or ***non-manual work***. Thus, for example, *non-management* production-line workers and *non-management* employees in maintenance, construction and similar occupations such as carpenters, electricians, mechanics, plumbers, iron workers, craftsmen, operating engineers, longshoremen, construction workers, laborers and other employees who perform work involving repetitive operations with their hands, physical skill and energy are not exempt under this section no matter how highly paid they might be.

29 C.F.R. § 541.601(d) (emphasis added). As described in the Court's Memorandum and Order granting summary judgment, the uncontroverted evidence in the summary judgment record demonstrated that Plaintiff's primary duty was managing and supervising the inspection crew. Plaintiff's evidence cited in his Response to the Motion for Summary Judgment did not raise a genuine issue of material fact that his primary duty was manual labor rather than management.

## IV.  **CONCLUSION AND ORDER**

Plaintiff has failed to demonstrate either a manifest error of law or fact, or the existence of newly-discovered evidence. As a result, it is hereby

**ORDERED** that Plaintiff's Motion for Relief from Judgment and for New Trial [Doc. # 29] is **DENIED**.

SIGNED at Houston, Texas, this **31st** day of **March, 2017**.

P:\ORDERS\11-2015\3631MR.wpd   170331.0758

_____
NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE